**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 16-239-DLB**

**DERRICK LAMONT TURNER**                                                        **PETITIONER**

vs.                      **MEMORANDUM OPINION AND ORDER**

**SANDRA BUTLER, WARDEN**                                               **RESPONDENT**

*** *** *** ***

Derrick Lamont Turner is an inmate who was previously confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Turner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docs. # 1, 11). For the reasons set forth below, the Court will **deny** Turner's petition.

In 2012, Turner pled guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine hydrochloride. *See United States v. Turner*, No. 1:11-cr-103-JAR (E.D. Mo. 2012) (Docs. # 2, 613 therein). The United States District Court for the Eastern District of Missouri determined that Turner was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Therefore, Turner's advisory guideline range was 262 to 327 months in prison. The trial court ultimately sentenced Turner to a below-guideline range sentence of 192 months imprisonment. *See id.* at Doc. # 793.

While it does not appear that Turner filed a direct appeal, he did move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, the district court denied that motion, *see Turner v. United States*, No. 1:15-cv-241-JAR (E.D. Mo.

2016) (Doc. # 9 therein), and the United States Court of Appeals for the Eighth Circuit denied Turner a certificate of appealability. *See Turner v. United States*, No. 16-2108 (8th Cir. 2016).

Turner has now filed a § 2241 petition with this Court. Turner argues that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. Turner also argues that he is entitled to a minor role reduction in his sentence pursuant to a recent amendment to the sentencing guidelines.

Turner's § 2241 petition, however, is an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). For that reason, a petitioner generally cannot use a § 2241 petition to challenge the legality of his sentence.

Turner nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. The savings clause allows for a § 2241 petition to challenge the legality of a sentence if § 2255 "is inadequate or ineffective to test the

legality of [the] detention." 28 U.S.C. § 2255(e). "Invocation of the savings clause is restricted to cases where prisoners can show an intervening change in the law that establishes their actual innocence." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (internal quotation marks and citation omitted). And "[t]he prisoner has the burden of proving that his remedy under section 2255 is inadequate or ineffective." *Id.*

Turner relies on the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to argue that his remedy under § 2255 is inadequate or ineffective. But that argument fails. In *Hill*, the Sixth Circuit held that, under certain circumstances, a prisoner may challenge a sentence enhancement in a § 2241 petition. *See Hill*, 836 F.3d at 599-600. However, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.*

Those circumstances do not apply here. The trial court sentenced Turner in 2012—well after the Supreme Court decided *Booker* and held that the sentencing guidelines were advisory. And the trial court also imposed a sentence well below the applicable guidelines range, further distinguishing Turner's case from *Hill*. In short, Turner's argument regarding § 2255(e)'s savings clause and his reliance on *Hill* are unavailing.

Finally, while Turner argues that he is entitled to a minor role reduction in light of a recent amendment to the sentencing guidelines, he cites no legal authority permitting him to raise this claim in a § 2241 petition. If anything, "numerous courts, including this one, have consistently held that challenges based on subsequent changes to the federal

sentencing guidelines cannot be raised by way of a § 2241 petition, but should be brought by filing a motion in the sentencing court pursuant to [18 U.S.C.] § 3582(c)." *Williams v. Sepanek*, No. 0:13-cv-069-HRW, 2013 WL 3463424, at *3 (E.D. Ky. July 9, 2013).

In light of the foregoing analysis, the Court will deny Turner's petition for a writ of habeas corpus without prejudice to his right to seek relief in the sentencing court.

Accordingly, **IT IS ORDERED** that:

1) Turner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docs. #1, 11) is **DENIED**.

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3) Judgment shall be entered this date.

This 3rd day of August, 2017.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Turner 16-239-DLB Memorandum CDS.docx